BONIN, J.,
dissents with reasons.
hi respectfully dissent and would grant the prosecution’s application.
While in the hospital, according to Officer Brady, the defendant made an inculpa-tory statement. The statement about shooting himself implicates him in a crime because he is a convicted felon. Apparently finding that Officer Brady fabricated the statement, the trial judge suppressed it. But because the defendant was not in custody when he made the statement as described by Officer Brady, there is no Fourth Amendment violation and the suppression ruling is legal error.
Alternatively, the trial judge also decided that she would exclude Officer Brady’s testimony about the defendant’s statement as a penalty for=violating the pretrial discovery rules, which was the same basis for declaring a mistrial earlier. Officer Brady’s testimony is no longer any surprise to the defendant or to the court. As to this alternative basis for excluding relevant and admissible testimony, I find that the trial judge has abused her discretion by usurping the jury’s function. The. best way to determine whether the Officer Brady’s testimony about the statement is truthful is to subject him to the rigors of cross-examination at trial.
I would, accordingly, grant the writ and reverse the ruling excluding Officer Brady from testifying about the statement.